UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------X
                                                              :

   IN RE:                                                 :  CASE NO.: 19-44852-ess
                                                         :  CHAPTER:7
                                                         :
Bissoondial Sirjoo and Leila N Bissoondial,    :  HON. JUDGE:
                                                         :  Elizabeth S. Stong
Debtors.                                            :

------------------------------------------X

## ORDER APPROVING LOAN MODIFICATION AGREEMENT

On September 20, 2022, the Motion (the "Motion") of Rushmore Loan Management Services, LLC (together with any successor or assign, "Movant") dated October 13, 2022, was heard before the Court, seeking an order approving the terms of the loan modification agreement, which modifies the first mortgage on the Debtors' real property located at 104-66 112th Street, South Richmond Hill, NY 11419 (the "Property"). This Court, having considered the evidence presented, there being due and sufficient notice of the Motion; there being no opposition; and with good cause appearing therefore, it is hereby

**ORDERED** that Debtors are authorized to enter into the Loan Modification Agreement annexed hereto as **Exhibit "A;"** and it is further

**ORDERED** that the obligations due Creditor pursuant to the Note are secured by a duly perfected lien and Mortgage upon the Property as evidenced by a duly record Mortgage, which lien and security interest is valid and remains in full force and effect, and the modification

authorized by the Order shall not modify the priority of the Mortgage as originally filed; and it is further

**ORDERED** that the terms of the Note and Mortgage are not amended other than as detailed in the Loan Modification Agreement; and it is further

**ORDERED** that nothing in the Order shall be understood or construed to be satisfaction or release in whole or in part of the Note and Mortgage; and it is further

**ORDERED** that upon entry of this Order, any discontinuance of any foreclosure action in state court affecting the Property is approved by this Court, and that any steps taken to discontinue any foreclosure action affecting the Property will not be deemed a violation of the automatic stay; and it is further

**ORDERED** that this Court ~~shall~~ ***may*** retain jurisdiction over any dispute arising from or in connection with this Order.



Dated: Brooklyn, New York
October 25, 2022

_____
Elizabeth S. Stong
United States Bankruptcy Judge

After Recording Return To:
Rushmore Loan Management Services LLC
ATTN: Collateral Dept.
8616 Freeport Parkway, Suite 100
Irving, TX 75063

This Document Prepared By:
KIRKDUNAR
Rushmore Loan Management Services LLC
15480 Laguna Canyon Road
Irvine, CA 92618

Parcel ID Number: 09534 0035

Original Loan Note Amount: $384,000.00
Current UPB: $388,332.22
New Money: $218,156.91
New UPB: $606,489.13
Section: _____ _, Block: 9534, Lot: 35

_____[Space Above This Line For Recording Data] _____ __
Original Recording Date: February 13, 2006                Loan No: ▮
                                                  Investor Loan No: ▮

# LOAN MODIFICATION AGREEMENT
**(Providing For Fixed Interest Rate)**

**This property is or will be improved by a one or two family dwelling only.**

This Loan Modification Agreement ("Agreement"), made this 19th day of July, 2022, between **BISSOONDIAL SIRJOO and LEILA BISSOONDIAL, whose mailing address is 104-66 112 STREET, SOUTH RICHMOND HIL, NY 11419** ("Borrower") and **Rushmore Loan Management Services LLC, whose address is 8616 Freeport Parkway, Suite 100, Irving, TX 75063** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrumenr) dated **October 20, 2005** and recorded In **Instrument No: 2006000084186** and recorded on **February 13, 2006,** of the Official Records of **QUEENS County, NY** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**104-66 112 STREET, SOUTH RICHMOND HIL, NY 11419,**
(Property Address)
the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

LOAN MODIFICATION AGREEMENT - Single Family-Fannie Mae Uniforn        Form 3179 1/01 (rev. 4/14)

Instrument
1101 8300b 08/14                                                        *(page 1 of 6)*

theChain of Title described being set forth as follows:

**See Exhibit "B" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **July 1, 2022,** the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$606,489.13,** consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. **$56,489.13** of the New Principal Balance shall be deferred (the "Deferred Principal Balance•) and Borrower will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$550,000.00.** Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of **4.500%,** from **July 1, 2022.** Borrower promises to make monthly payments of principal and interest of U.S. **$2,472.60,** beginning on the **1st** day of **August, 2022,** and continuing thereafter on the same day of each succeeding month until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The yearly rate of **4.500%** will remain in effect until the Interest Bearing Principal Balance and all accrued interest thereon have been paid in full. The new Maturity Date will be **July 1, 2062.**

3. Borrower agrees to pay in full the Deferred Principal Balance and any other amounts still owed under the Note and Security Instrument by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

4. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    any adjustable rate rider, or other instrument or document that

       is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:
   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.
   
   {b} All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.
   
   {c} Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.
   
   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.
   
   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.
   
   (f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to {i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, {vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.
   
       Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.
   
       By checking this box, Borrower also consents to being contacted by text messaging [ ].

7. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7. This Agreement modifies an obligation secured by an existing security instrument recorded in QUEENS County, NY, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $388,332.22. The principal balance secured by the existing security instrument as a result of this Agreement is $606,489.13, which amount represents the excess of the unpaid principal balance of this original obligation.

InWitness Whereof, the Lender and I have executed this Agreement.

*[signature]* _____ Date: *I.* **::I8- 1..022**
**BISSOONDIAL SIRJOO** -Borrow

*L;e.,,1, &k* _____ Date: **1-2-<j', 2-:r? 2-**
**LEILA BISSOONDIAL** is signing solely to acknowledge this document, but not to incur any personal liability for the debt.

_____[Space Below This Line For Acknowledgments]_____

State of New York

Countyof _____

On the7.J' day of */i,'ilff* in the *year20ZZ* before me, the undersigned,

a Notary Public in and for said State, personally appeared **BISSOONDIAL SIRJOO and LEILA BISSOONDIAL,** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

*[signature]*
_____  _____ Office
Signature

> Olga Luzgina
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01LU6393485
> Qualified in King County
> Commission Expires    June 17, 2023

**Rushmore Loan Management Services LLC**

By: _____ (Seal) –Lender
Name: _____
Title: **S_ ee President** Lightfoot

**AUG 25 2022**       Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

STATE OF     **TEXAS**

COUNTY OF    **DALLAS**   } SS.:

On the _____ day of **AUG** aol?ear _____ ___, before me, the undersigned, personally appeared **Tim t et**, personally known to me or proved to me on the basis of satisfactory evidence ele 1ndividual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the rument.

{Signature and office of individual taking acknowledgment.)

MICHAEL LARRY
Notary ID #133419709
My Commission Expires
October 28. 2025

LOAN MODIFICATION AGREEMENT- Single Family-Fannie Mae Uniform Instrument
11018300b 08/14

Form 3179 1/01 (rev. 4/14)

*(page 6 of 6)*

# Exhibit "A"

Loan Number: 

Property Address: **104-66112 STREET, SOUTH RICHMOND HIL, NY 11419**

Legal Description:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH OF QUEENS, IN RICHMOND HILL, COUNTY OF QUEENS, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE WESTERLY SIDE OF 112TH STREET (FORMERLY KNOWN AS CHESTNUT STREET) DISTANT 175 FEET NORTHERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE WESTERLY SIDE OF 112TH STREET WITH THE NORTHERLY SIDE OF ROANOKE AVENUE; RUNNING THENCE WESTERLY PARALLEL WITH ROANOKE AVENUE, 100 FEET; THENCE NORTHERLY PARALLEL WITH 112TH STREET, 25 FEET; THENCE EASTERLY PARALLEL WITH ROANOKE AVENUE, 100 FEET TO THE WESTERLY SIDE OF 112TH STREET; THENCE NORTHERLY ALONG THE SAID WESTERLY SIDE OF 112TH STREET, 25 FEET TO THE POINT OR PLACE OF BEGINNING. BLOCK: 9534, LOT: 35.



# Exhibit "B"

LoanNumbe-
Property Address: 104-66 112 STREET, SOUTH RICHMOND HIL, NY 11419
Chain of Title: ORIGINAL RECORDED MORTGAGE DATED 10/20/2005 RECORDED ON 02/13/2006 IN BOOK **N/A,** PAGE N/A WITH INSTRUMENT NO. 2006000084186 WITH LOAN AMOUNT$ 384000.00 FROM BISSOONDIAL SIRJOO AND LEILA BISSOONDIAL TO WELLS FARGO **BANK, N.A.** ASSIGNMENT OF MORTGAGE DATED 04/02/2014 FROM WELLS FARGO **BANK, N.A.** TO U.S. **BANK** NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-2, RECORDED ON 04/10/2014 IN BOOK NIA, PAGE N/A WITH INSTRUMENT NO. 2014000123424.




# ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: [REDACTED]                                                                                          Date: July 20, 2022

Borrower(s):    BISSOONDIAL SIRJOO and LEILA BISSOONDIAL

Property Address:    **104-66 112 STREET, SOUTH RICHMOND HIL, NY 11419**

Lender:    **Rushmore Loan Management Services LLC**

In consideration of **Rushmore Loan Management Services LLC** (the "Lender") agreeing to modify the referenced loan {the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs, or any municipal bonding authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses. Borrower's failure to comply with all such requests within such 30 day time period will result in the Lender adjusting the modified terms without the borrower's consent.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_[signature]_                                                                                   Date: _[handwritten]_
**BISSOONDIAL SIRJO -Borrower**

_[signature]_                                                                                  Date: _[handwritten]_
**LEILA BISSOONDIAL** is signing solely to acknowledge this document, but not to incur any personal liability for the debt.

1101200111/12                                                                                                         Errors and Omissions/Compliance Agreement

## AFFIDAVIT UNDER SECTION 255 OF THE NEW YORK STATE LAW
(Modification Agreement)

State Gf Hoa_t/Ol't    TEXDAALSL.AS
County of **QlfellNS**

I, _____ :r,4-11Ql1+--1.Lffaigh do-...o i " being duly sworn, deposes and says:

1. That he/she is the agent for the owner and holder of the hereinafter described mortgage, and is familiar with the facts set forth herein.

2. That a certain mortgage (the "Mortgage") bearing the date of October 20, 2005, in the principal amount of THREE HUNDRED EIGHTY FOUR THOUSAND AND NO/100 ($384,000.00) was made by BISSOONDIAL SIRJOO and LEILA BISSOONDIAL as Mortgagor to WELLS FARGO BANK, N.A. as original Mortgagee, recorded on February 13, 2006, in Instrument No: **2006000084186,** in the QUEENS County Clerk's Office, upon which the mortgage tax in the amount of $7,842.00 was duly paid thereon.

3. That the instrument offered for recording herewith is a Modification of the Mortgage (the "Agreement") made by BISSOONDIAL SIRJOO and LEILA BISSOONDIAL to Rushmore Loan Management Services LLC effective July 1, 2022, and to be recorded in the QUEENS County Clerk's Office.

4. That the Agreement offered for recording modifies and does not create or secure any new or further lien, Indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded mortgage hereinabove first described with the exception of the following amount

    a) Original Principal Amount      **$384,000.00**
    b) Current Unpaid Principal Balance      **$388,332.22**
    c) NewMoney      **$218,156.91**
    d) New Unpaid Principal Balance      **$606,489.13**

5. That there have been no re-loans or re-advances on the Mortgage.

6. That additional mortgage recording tax of $ _____ **i**s being paid on the Agreement on the sum set forth in 4c.

7. That Exemption from further tax is CLAIMED under Section 255 of the Tax Law.

8. That the chain of title for the Mortgage is: **ORIGINAL RECORDED MORTGAGE DATED 10/20/2005 RECORDED ON 02/13/2006 IN BOOK N/A, PAGE NIA WITH INSTRUMENT NO. 2006000084186 WITH LOAN AMOUNT $ 384000.00 FROM BISSOONDIAL SIRJOO AND LEILA BISSOONDIAL TO WELLS FARGO BANK, N.A. ASSIGNMENT OF MORTGAGE DATED 04/02/2014 FROM WELLS FARGO BANK, N.A. TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-2, RECORDED ON 04/10/2014 IN BOOK N/A, PAGE N/A WITH INSTRUMENT NO. 2014000123424.**

9. That the Legal Description for the property is: **ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN** THE **BOROUGH** OF **QUEENS, IN RICHMOND** HILL, **COUNTY OF QUEENS, CITY** AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE WESTERLY SIDE OF 112TH STREET (FORMERLY KNOWN AS CHESTNUT STREET) DISTANT 175 FEET NORTHERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE WESTERLY SIDE OF 112TH STREET WITH THE NORTHERLY SIDE OF ROANOKE AVENUE; RUNNING THENCE WESTERLY PARALLEL WITH ROANOKE AVENUE, 100 FEET; THENCE NORTHERLY PARALLEL WITH 112TH STREET, 25 FEET; THENCE EASTERLY PARALLEL WITH ROANOKE AVENUE, 100 FEET TO THE WESTERLY SIDE OF 112TH STREET; THENCE NORTHERLY ALONG THE SAID WESTERLY SIDE OF 112TH STREET, 25 FEET TO THE POINT OR PLACE OF BEGINNING. BLOCK: 9534, LOT: 35.

**Rushmore Loan Management Services** LLC

**Name:**     *tl-:--*      ilm_ **Lightfoot**
Title:            **Sr. Vite President**

<u>AUG 25 2UU</u>. ²⁰..

S⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Notary Public, State of  _T-'-----'-t'''t'--'l . 5....._ -------------------
My Commission Expires: --=..,/t>/o!.!....1%?....l-tJ::..:l:...z ,,,o,:....,!!,z::..:<==-------------



MICHAEL LARRY
Notary 10 #133419709
**My** Commission Expires
October 28, 2025